# N. Y. COMMON PLEAS.

## The Ready Roofing Company of New York agt. Otis K. Chamberlin.

*District courts — jurisdiction lost by failure of the justice to render judgment within the time limited by statute.*

By the district court act, a justice is required to render his judgment, if a jury trial is not demanded, within eight days from the time the same is submitted to him for that purpose, except where the defendant is under arrest; in such case he must render his judgment immediately after the close of the trial.

If the last day falls on *Sunday* the judgment must be rendered on the day preceding, *i. e.*, the seventh day or *Saturday*.

*General Term, November,* 1876.

*Before* Daly, *C. J.*, Van Brunt *and* Van Hoesen, *JJ.*

The action was brought in the first district court, before Mr. justice Callaghan, to recover the value of wine which the plaintiff claims to have sold to the defendant. The defense was that he, the defendant, received the wine from one Ridgway, in payment of rent of rooms which were leased to Ridgway in defendant's house, supposing that Ridgway owned the wine, as he gave defendant to understand, and that defendant had settled with Ridgway on that basis, and given him a receipt in full. It appears that Ridgway was all the time in the employ of the company. A further defense was, that plaintiff, whose business was to put roofs on houses, had no license to sell liquors under the excise law of the state of New York, and had not paid the internal revenue tax to the

United States, as the law requires. And the last defense, and the one on which the judgment of the district court seems to have been reversed, was that the justice had lost jurisdiction of the case at the time of rendering his decision.

*M. M. Budlong*, for appellant.

The judgment should, however, be reversed for the following reason :

By the return it appears that the case was tried and submitted on *June* 10, 1876, and that judgment was rendered on *June* 19, 1876.

The statute provides as follows: " Upon the issue of a fact joined, if a jury trial be not demanded as required by this act, the justice must hear the evidence and decide all questions of fact and law, and render judgment accordingly, within eight (8) days from the time the same is submitted to him for that purpose, except where the defendant is under arrest and has not given security for his appearance ; in such case the justice must render his judgment immediately after the close of the trial."

The justice having failed to render his decision within the time limited by the law, lost jurisdiction of the case, and could render no valid judgment thereafter (*Berrian* agt. *Olmstead*, 4 *E. D. Smith*, 279 ; *Wiseman* agt. *The Pa: R. R. Co.*, 1 *Hilt.*, 300 ; *Bloomer* agt. *Merrill*, 1 *Daly*, 485 ; *Watson* agt. *Davis*, 19 *Wend.*, 371).

If the last day falls on Sunday (as was the case in the suit at bar), the judgment must be rendered on the day preceding.

See *Ex parte Dodge* (7 *Cowen*, 147), where the court held that " where the statute declares that an act shall be done within a certain number of days, Sunday must be reckoned as one, though it happens to be the last."

See, also, *Bissell* agt. *Bissell* (11 *Barb.*, 96). The court said, " Sunday is always counted as one of the days when the statute has declared that an act shall be performed within a

The Ready Roofing Company of New York agt. Chamberlin.

given number of days." Judge GRIDLEY shows, in the opinion, the difference between matters of practice and the construction of statutes in regard to computing time, and shows where a statute requires an act to be done within a given time, Sunday is to be included."

See, also, 2 *Cowen's Treatise* (*sec.* 1552, *5th ed.*), where it is laid down, "the days within which a justice shall render judgment are to be computed as excluding the first day ; and if the fourth (now eighth) day fall on Sunday, *judgment must be rendered the day preceding*" (*see, also, Thayer* agt. *Felt,* 4 *Mass. R.,* 354). Section 407 of the Code refers only to the time within which an act is to be done as provided for in the Code. The statute fixing the time within which a justice is to render his decision is a separate one, and forms no part of the Code (*see the section in the Code*).

The judgment should be reversed.

*F. J. Mather,* for respondent.

BY THE COURT. — The justice rendered his judgment on the ninth day after the case was submitted to him for decision, the eighth day being Sunday. He lost jurisdiction, as under such circumstances his judgment should have been rendered on the seventh day or Saturday (2 *Cowen's Treat., sec.* 1552, *and cases cited*).

The Code (*sec.* 407) does not apply. The limitation as to time in which the judgment is to be rendered is not enacted in the Code, but in the district court act.

The judgment must be reversed.